The judgment of the Court of Claims was affirmed by the* Supreme Court on March 12, 1945,
Mr. Justice Reed
delivering the opinion.
The syllabus of the Supreme Court’s decision, 324 U. S„. 335, is as follows:
1. The treaty of July 30, 1863 with the Northwestern. Bands of the Shoshone Indians was not a recognition or acknowledgment by the United States of the Indian title to the lands therein mentioned; therefore a claim to compensation for the taking of the lands is not one “arising under or growing out of” the treaty, within the1 meaning of the special jurisdictional Act of February 28, 1929, and no recovery upon such claim can be had under that Act.
*796 (a) The finding of the Court of Claims that the United States did not by the treaty intend to recognize or acknowledge Indian title to the lands, which finding was the basis of that court’s decision, places the burden on petitioners to overthrow the judgment of the Court of Claims.
(b) Recognition of the Indian title is not to be implied from the grant by the Indians of permission for travel or mining and for the maintenance of communication and transportation facilities.
(c) That Indian title was recognized by the Fort Laramie treaty does not require the conclusion that Indian title was recognized by the treaty of July 30, 1863.
(d) Use in the treaty of the word “claim” or the phrase “country claimed,” though designating the area over which the Indians asserted Indian title, did not constitute acknowledgment by the United States of such title.
(e) The Senate amendment to the treaty — “Nothing herein contained shall be construed or taken to admit any other or greater title or interest in the lands embraced within the territories described in said treaty in said tribes or bands of Indians than existed in them upon the acquisition of said territories from Mexico by the laws thereof” — was not intended to give recognition to Indian titles but only to avoid further complications in the Mexican Cession title situation.
2. Indian treaties are to be construed according to their tenor; and their terms are not to be varied by construction in order to avoid alleged injustices.
Mr. Justice Roberts was of the opinion that the judgment <©f the Court of Claims should be reversed.
Mr. Justice Jackson filed a separate opinion, in which Mr. .Justice Black joined, concurring in the opinion by Mr. Justice .Reed.
Mr. Justice Douglas filed a dissenting opinion in which Mr. Justice Frankfurter and Mr. Justice Murphy joined.
Mr. Justice Murphy filed a dissenting opinion in which .Mr. Justice Frankfurter and Mr. Justice Douglas concurred.